UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN ANTHONY CICALLA, JR., | No. 2:20-cv-01999 JAM AC |
| Plaintiff, | |
| v. | ORDER |
| DONNA ROGERS and ESTATE OF LEON ROGERS, | |
| Defendants. | |

The court is in receipt of plaintiff's ex parte request to participate in electronic filing pursuant to Local Rule 133(b)(3). ECF No. 10. Also before the court is plaintiff's motion for a 90-day extension of time to serve defendants. ECF No. 11.

I.   Request to Participate in E-Filing

The court has reviewed the filing and DENIES plaintiff's request without prejudice because it lacks any "explanation of reasons" as required by the Local Rule. Denial without prejudice means that plaintiff may bring the motion again; a second motion to e-file should include the necessary information described below.

Although the Eastern District of California is an electronic management/filing district, unrepresented persons are required to file and serve paper documents unless the assigned District Judge or Magistrate Judge grants leave to utilize electronic filing. L.R. 133(a), (b)(2). A pro se

party may bring a request to use electronic filing as a written motion setting out an explanation of reasons for the requested exception. L.R. 133(b)(3). Once plaintiff is approved to file documents electronically, the plaintiff will no longer receive any documents by mail and the court will not accept paper documents from plaintiff, meaning plaintiff can no longer mail in any filings.

A motion to e-file must make clear whether plaintiff is familiar with the requirements applicable to electronic filing in this court, and whether plaintiff has access to the hardware and software needed for electronic filing. Plaintiff will be given an opportunity to file a renewed motion to e-file, and that request must specify the following:

1. That plaintiff has reviewed the requirements for electronic filing[1] and agrees to abide by them, and that she understands that once plaintiff registers for electronic filing, all notices and documents will be received by e-mail and not by regular mail;
2. Whether plaintiff has regular access to the following technical requirements necessary for electronic filing: (a) a computer with internet access; (b) an e-mail account for receiving notifications from the electronic filing system; (c) a PACER (Public Access to Court Electronic Records) account; (d) a word-processing program; (e) PDF conversion software to convert word processing documents into .pdf format; and (6) a scanner for exhibits or other supporting documents that are only in paper format.

Failure to address each of these items will result in denial of any second motion to e-file.

II.   Motion for Extension of Time

Plaintiff filed a motion seeking an extension of time to serve process on defendants in Australia. ECF No. 11 at 1. This motion is unnecessary because plaintiff has already filed a copy of the summons returned executed demonstrating personal service. ECF No. 8. The motion is therefore DENIED as MOOT.

////

---

[1] The CM/ECF User Manual is available on the court's website at http://www.caed.uscourts.gov/caednew/index.cfm/cmecf-e-filing/cmecf-users-manual/.

### III. Upcoming Deadlines

This case is currently scheduled for an initial scheduling conference on the papers on March 31, 2021. Because that date falls before the defendants' answer is due, the scheduling conference is hereby RESET to be heard on the papers on August 18, 2021. The associated joint status report, the requirements of which are described in ECF No. 3, is now due August 4, 2021.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to e-file (ECF No. 10) is DENIED without prejudice;
2. The motion for an extension of time (ECF No. 11) is DENIED as MOOT;
3. Defendants' answer is due April 19, 2021;
4. The initial scheduling conference is RESET to be heard on the papers on August 18, 2021. The associated joint status report, the requirements of which are described in ECF No. 3, is due August 4, 2021.

DATED: March 1, 2021

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE