UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN ANTHONY CICALLA, JR., | No. 2:20-cv-01999 JAM AC |
| Plaintiff, | |
| v. | ORDER |
| DONNA ROGERS and ESTATE OF LEON ROGERS, | |
| Defendants. | |

The court is in receipt of plaintiff's letter, sent improperly to the court and now docketed at ECF No. 13, which the court construes as a second motion for e-filing pursuant to Local Rule 133(b)(3). The court has previously denied a motion for e-filing by plaintiff, and explained the criteria required in a motion to e-file should plaintiff choose to bring a second motion. ECF Nos. 10, 11. Plaintiff again fails to make the necessary showing, and the motion will again be denied without prejudice.

I. Improper Communications to the Court

Plaintiff has attempted on two occasions to directly email the assigned magistrate judge. Directly emailing the judge constitutes an improper ex parte communication and would be inappropriate even if not ex parte. Plaintiff has been blocked from emailing the address to which he sent the request now docketed at ECF No. 13; he will still be able to contact those court staff

whose contact information is provided to the public on the court's website. Any information intended for the judge should be included in a filed document, not emailed to court staff. Further attempts to directly contact the judge may result in monetary sanctions.

        II.        <u>Renewed Request to Participate in E-Filing</u>

The court has reviewed the filing at ECF No. 13 and again and DENIES plaintiff's request without prejudice because it lacks any "explanation of reasons" as required by the Local Rule. Denial without prejudice means that plaintiff may bring the motion again; a third motion to e-file should include the necessary information described below.

Although the Eastern District of California is an electronic management/filing district, unrepresented persons are required to file and serve paper documents unless the assigned District Judge or Magistrate Judge grants leave to utilize electronic filing. L.R. 133(a), (b)(2). A pro se party may bring a request to use electronic filing as a written motion setting out an explanation of reasons for the requested exception. L.R. 133(b)(3). Once plaintiff is approved to file documents electronically, the plaintiff will no longer receive any documents by mail and the court will not accept paper documents from plaintiff, meaning plaintiff can no longer mail in any filings.

A motion to e-file must make clear whether plaintiff is familiar with the requirements applicable to electronic filing in this court, and whether plaintiff has access to the hardware and software needed for electronic filing. Plaintiff will be given an opportunity to file a renewed motion to e-file, and that request must specify the following:

    1. That plaintiff has reviewed the requirements for electronic filing[1] and agrees to abide by them, and that she understands that once plaintiff registers for electronic filing, all notices and documents will be received by e-mail and not by regular mail;

    2. Whether plaintiff has regular access to the following technical requirements necessary for electronic filing: (a) a computer with internet access; (b) an e-mail account for receiving notifications from the electronic filing system; (c) a PACER

---

[1] The CM/ECF User Manual is available on the court's website at http://www.caed.uscourts.gov/caednew/index.cfm/cmecf-e-filing/cmecf-users-manual/.

(Public Access to Court Electronic Records) account; (d) a word-processing program; (e) PDF conversion software to convert word processing documents into pdf format; and (6) a scanner for exhibits or other supporting documents that are only in paper format.

Failure to address each of these items will result in denial of any subsequent motion to e-file.

### III. Plaintiff's Concerns Regarding Discovery

Plaintiff's letter raises concerns regarding discovery, including questions about mailing evidence to the court and the need for subpoenas. ECF No. 13. Plaintiff must not submit evidence to the court at this time; any such filing would be improper and premature as defendants have not yet submitted an answer and this case has not yet been scheduled.

Defendants' answer is due April 19, 2021 and a scheduling conference is set for August 18, 2021. ECF No. 12. The case will be scheduled after defendants answer and the parties file their joint status report (due August 4, 2021). In general, evidence is only submitted to the court when appropriate as an exhibit to a motion authorized by the Federal Rules of Civil Procedure, or pursuant to the court's direction.

### IV. Conclusion

Accordingly, IT IS HEREBY ORDERED that plaintiff's renewed motion to e-file (ECF No. 13) is DENIED without prejudice.

DATED: March 10, 2021

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE