UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN ANTHONY CICALLA, JR, | No. 2:20-cv-01999 JAM AC PS |
| Plaintiff, | |
| v. | ORDER |
| DONNA ROGERS; ESTATE OF LEON ROGERS, | |
| Defendants. | |

      On October 6, 2020, plaintiff filed his case in pro se and paid the filing fee. ECF No. 1. The action was accordingly referred to the undersigned pursuant to Local Rule 302(c)(21). A status conference was held via Zoom on September 1, 2021 with plaintiff appearing. ECF No. 20. Defendants have not appeared, and the Clerk of Court has entered default against them. ECF No. 16. At the hearing, the court addressed the procedures for seeking default judgement and the threshold matter of jurisdiction. Plaintiff stated that defendants, who are Australian, are refusing to appear because they believe this court cannot exercise personal jurisdiction over them. The court noted that facts necessary to confirm jurisdiction appear to be absent from the complaint, and indicated an intention to issue an order to show cause. Upon further consideration, for the reasons explained below, the court will direct the filing of an amended complaint.

////

This is a breach of contract case brought in diversity, see 28 U.S.C. § 1332, by a resident of California against defendant residents of Docklands, Victoria, Australia. ECF No. 1 at 2. Plaintiff alleges that he and defendants entered an oral contract on February 7, 2018. Id. at 4. Plaintiff further alleges that the oral contract was in the process of becoming memorialized in writing when Leon Rogers died; the parties had been waiting on changes from an attorney, and the written contract was never signed due to Leon Roger's death. Id. The complaint does not specify plaintiff's physical location at the time the oral contract was allegedly created.

Generally, in determining the existence of personal jurisdiction, the district court applies the law of the state in which the district court sits. See Panavision Int'l, L.P. v. Toeppen, 141 F.3d 1316, 1320 (9th Cir.1998). Because California's long-arm jurisdictional statute is coextensive with federal due process requirements, the jurisdictional analyses under state law and federal due process are the same. Id. (citing Cal. Code Civ. Proc. § 410.10). For a court to exercise personal jurisdiction over a nonresident defendant, the defendant must have "minimum contacts" with the forum such that the exercise of jurisdiction "does not offend traditional notions of fair play and substantial justice." International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) (internal quotation marks and citation omitted). Personal jurisdiction may be either "general" (defendants had continuous and systematic contacts with the state) or "specific." Dole Food Co. v. Watts, 303 F.3d 1104, 1110–11 (9th Cir. 2002). To establish specific jurisdiction, a plaintiff must show:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privileges of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

Id.

As plaintiff was informed at the hearing, the next step following a Clerk's entry of default against defendants is generally for the plaintiff to move for an order of default judgment.

2

However, a default judgment cannot be entered unless it is clear from the face of the complaint that the court has personal jurisdiction over the defendants as well as subject matter jurisdiction over the dispute. A district court has an affirmative duty to determine whether or not it has personal jurisdiction over the defendants before entering a default judgment. In re Tuli, 172 F.3d 707, 712 (9th Cir. 1999).

Plaintiff represented at the status conference that he was in the state of California when the verbal contact was entered. He further suggested that multiple communications between the parties, relevant to the creation and terms of the alleged contract, occurred while plaintiff was in California and defendants in Australia. Verified allegations of these facts in the complaint would appear to support the exercise of specific personal jurisdiction under International Shoe and progeny, because they would demonstrate that defendants purposefully directed their activities or consummated some transaction with a California resident. Because the complaint lacks such express allegations, it does not support consideration of default judgment. Because jurisdiction must be established by the complaint itself, the court concludes that a response to an order to show cause would be insufficient; the complaint itself must be amended.

Accordingly, plaintiff will be directed to file amended complaint that includes all the necessary factual allegations. In order to ensure that defendants have a full and fair opportunity to appear and respond, plaintiff must serve them with the anticipated amended complaint as well as a copy of this order.

Plaintiff is not precluded from making additional amendments to clarify his substantive factual allegations in anticipation of a possible motion for default judgment, though he need not do so at this juncture. Plaintiff is reminded that an amended complaint like an original complaint, as discussed at the status conference, should allege all necessary facts concisely in the body of the complaint itself. Evidence should not be submitted to the court, but should be reserved for the purpose of proving the complaint's allegations at a future time if necessary and appropriate. Extensive exhibits are unnecessary, and do not substitute for the express allegation of facts in the body of the complaint. In evaluating its own jurisdiction and considering any future motion for default judgment, the court will look only to the verified allegations of the amended complaint.

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his first amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled in subsequent amended complaint to preserve appeal). Once plaintiff files a first amended complaint, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Accordingly, IT IS HEREBY ORDERED that plaintiff shall file an Amended Complaint that includes all necessary factual allegations, including:

- Where plaintiff was located when the oral contract was created;
- Any facts or circumstances demonstrating defendants' knowledge of plaintiff's location when the oral contract was created;
- Whether there were any jurisdictional agreements between the parties.

Plaintiff is further ORDERED to serve a copy of this order and the amended complaint on defendants at their last known address. The amended complaint and proof of service are due within 30 days of the date of this order; plaintiff may request additional time if necessary.

IT IS SO ORDERED.

DATED: September 7, 2021

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE