1
2
3
4
5
6
7

8                    UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   MARTIN ANTHONY CICALLA, JR.,          No.  2:20-cv-01999 DAD AC PS

12                 Plaintiff,

13         v.                              ORDER &

14   DONNA ROGERS, et al.,                 FINDINGS & RECOMMENDATIONS

15                 Defendants.

16

17         This matter is before the court on plaintiff's motion for default judgment (ECF No. 40),

18   his motion for an extension of time (ECF No. 38), and his motion for a hearing (ECF No. 41).

19   The motion for an extension of time is denied because the case has been pending for over two

20   years with negligible forward momentum, and further delay serves no legitimate purpose.  The

21   motion for a hearing is also denied.  The undersigned has determined that the motion for default

22   judgment does not require oral argument.  Moreover, plaintiff has had the opportunity to discuss

23   issues related to default judgment with the court before.  See ECF Nos. 20, 21.  Further, plaintiff

24   has a history of abusing his communication privileges with the court and utilizing unauthorized

25   channels of communication,[1] necessitating multiple minute orders concerning improper *ex parte*

26   communication.  ECF Nos. 14 (magistrate judge order), 28 (magistrate judge minute order), 30

27   _____

28   [1]  One email message to the undersigned from the plaintiff was docketed at ECF No. 26.  It is
     erroneously described on the docket as a "LETTER from non-party addressed to Plaintiff."

                                             1

(Chief Judge minute order). Considering the history of this case, the undersigned has concluded that an additional hearing will not be beneficial to the case or serve judicial economy.

For the reasons set forth below, the undersigned recommends denial of plaintiff's motion for default judgment without prejudice. It is further recommended that plaintiff be given a final opportunity to file a motion for default judgment that complies with the Federal Rules of Civil Procedure and the prior orders of this court.

## I.    Background

Plaintiff, appearing in pro se, brought this breach of contract action on October 6, 2020. ECF No. 1. Named defendants Donna Rogers and the Estate of Leon Rogers are residents of Australia. ECF No. 1 at 2. Plaintiff, citing difficulties with international service, was given a generous extension of time to complete service. ECF No. 7. Plaintiff filed documentation of service on January 19, 2021. ECF No. 8. On May 17, 2021, plaintiff requested entry of default against Donna Rogers and the Estate of Leon Rogers, and the clerk entered default on May 18, 2021. ECF Nos. 15, 16. A status conference was held on September 1, 2021, at which the court expressed concern that the complaint did not support the court's personal jurisdiction over defendants, creating a problem for potential entry of default judgment. ECF No. 20. Plaintiff represented that he could assert, in an amended complaint, additional facts to establish personal jurisdiction over the defendants. ECF No. 21 at 3.

On September 7, 2021, the undersigned memorialized the conversation regarding personal jurisdiction and ordered plaintiff to file an amended complaint and complete service within 90 days. ECF No. 21. Plaintiff filed the Amended Complaint on September 30, 2021 (ECF No. 22), adding defendant Project X IT Pty Ltd., and simultaneously filed a motion for an additional six months to complete service. ECF No. 23. The undersigned granted plaintiff an additional 180 days for service. ECF No. 24. Plaintiff did not timely file proof of service and the undersigned issued an order to show cause why the case should not be dismissed for failure to prosecute. ECF No. 25. Plaintiff moved for an additional extension of time (ECF No. 27), and the court granted plaintiff an additional 180 days. ECF No. 29. On May 9, 2022, plaintiff filed a certificate of service indicating that Donna Rogers had been served. ECF No. 31. On November 3, 2022, per

1  plaintiff's request, the Clerk of Court entered default as to the Estate of Leon Rodgers and Donna

2  Rodgers.  ECF Nos. 34, 35.

3          On November 30, 2022, the court issued an order show cause why the case should not be

4  dismissed for failure to prosecute.  ECF No. 37.  The order explained in detail the process for

5  obtaining a default judgment and noted that a motion for default judgment would discharge the

6  order to show cause.  Id.  On December 6, 2022, plaintiff moved for an additional six-month

7  extension of time to complete service.  ECF No. 38.  Plaintiff also filed a motion for default

8  judgment, which summarily requests that default judgment be entered, but provides no legal or

9  factual argument.  ECF No. 40.  Plaintiff made a separate motion for a hearing, which also

10  contains no argument.  ECF No. 41.

11                        **II.      Discussion**

12         "[A] defendant's default does not automatically entitle the plaintiff to a court-ordered

13  judgment."  PepsiCo, Inc. v. Cal. Sec. Cans, 238 F. Supp. 2d 1172, 1174 (C.D. Cal. 2002) (citing

14  Draper v. Coombs, 792 F.2d 915, 924-25 (9th Cir. 1986)); see Fed. R. Civ. P. 55(b) (governing

15  the entry of default judgments).  Instead, the decision to grant or deny an application for default

16  judgment lies within the district court's sound discretion.  Aldabe v. Aldabe, 616 F.2d 1089, 1092

17  (9th Cir. 1980).  In making this determination, the court will consider the following factors: (1)

18  the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the

19  sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a

20  dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7)

21  the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the

22  merits.  Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986).  Default judgments are

23  ordinarily disfavored.  Id. at 1472.

24         Default judgment is not appropriate in this case because plaintiff has made no showing

25  that he is entitled to judgment.  Plaintiff's motion states in full:

26                 Comes now MARTIN ANTHONY CICALLA JUNIOR and
                   requests the Court, pursuant to Rule 55(b)(1) of the Federal Rules of
27                 Civil Procedure, for the entry of a judgment by default against the
                   defendant.  In support of this request, relies upon the record in this
28                 case and the affidavit submitted herein.

                                    3

1    ECF No. 40.  Plaintiff does not address the Eitel factors or explain why his claims are factually

2    and legally sufficient to support judgment.

3         The second and fifth Eitel factors are especially of concern in this case.  It is not at all

4    clear that the First Amended Complaint (ECF No. 22) contains any viable cause of action that

5    could support judgment.  The possibility of factual disputes is also unclear.  In any event, it is not

6    the court's job to sift through the record for information that might be relevant to the analysis

7    required under Eitel; it is plaintiff's burden as the moving party to provide the court with the

8    grounds for granting the requested relief.

9         Based on the foregoing, the court recommends plaintiff's motion for default judgment be

10   denied without prejudice.  The court also recommends that plaintiff be given an opportunity to

11   file a renewed motion for default judgment within twenty-one (21) days of this recommendation

12   being adopted.

13        Plaintiff is advised that failure to file a renewed motion for default judgment by the

14   deadline set forth above, or the filing a motion that fails to adequately address the Eitel factors,

15   shall result in a recommendation that the renewed application be denied and/or the action against

16   defendants be dismissed for failure to prosecute and/or to comply with a court order.  See Fed. R.

17   Civ. P. 41(b); Link v. Wabash R.R. Co., 370 U.S. 626, 629-30 (1962).  There will be no further

18   extensions of time in this case unless plaintiff demonstrates exceptional circumstances.

### III.    Conclusion

20        For the reasons set forth above, plaintiff's motion for an extension of time (ECF No. 38) is

21   DENIED.  Plaintiff's motion for a hearing (ECF No. 41) is also DENIED.

22        Further, IT IS HEREBY RECOMMENDED that plaintiff's motion for default judgment

23   (ECF No. 40) be DENIED without prejudice and that plaintiff be granted 21 days from the order

24   adopting these findings and recommendations to file a new motion for default judgment in

25   compliance with this and previous orders of the court.

26        These findings and recommendations are submitted to the United States District Judge

27   assigned to this case, pursuant to the provisions of  28 U.S.C. § 636(b)(l).  Within twenty-one

28   (21) days after being served with these findings and recommendations, plaintiff may file written

4

1   objections with the court.  Such document should be captioned "Objections to Magistrate Judge's

2   Findings and Recommendations."  Local Rule 304(d).  Plaintiff is advised that failure to file

3   objections within the specified time may waive the right to appeal the District Court's order.

4   Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

5   DATED: December 8, 2022

6

7                                              ALLISON CLAIRE
                                               UNITED STATES MAGISTRATE JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28