UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN ANTHONY CICALLA, JR., | No. 2:20-cv-01999 DAD AC PS |
| Plaintiff, | |
| v. | FINDINGS & RECOMMENDATIONS |
| DONNA ROGERS, et al., | |
| Defendants. | |

This matter is before the court on plaintiff's second motion for default judgment (ECF No. 50). For the reasons set forth below, the undersigned recommends denial of plaintiff's motion for default judgment with prejudice. It is further recommended that this case be dismissed in its entirety for failure to prosecute and/or failure to state a claim. See Fed. R. Civ. P. 41(b); Link v. Wabash R.R. Co., 370 U.S. 626, 629-30 (1962) (sua sponte dismissal for failure to prosecute); Reed v. Lieurance, 863 F.3d 1196, 1207-08 (9th Cir. 2017) (sua sponte dismissal for failure to state a claim).

**I.   Background**

Plaintiff, appearing in pro se, brought this breach of contract action on October 6, 2020. ECF No. 1. Named defendants Donna Rogers and the Estate of Leon Rogers are residents of Australia. ECF No. 1 at 2. Plaintiff, citing difficulties with international service, was given a generous extension of time to complete service. ECF No. 7. Plaintiff filed documentation of

service on January 19, 2021. ECF No. 8. On May 17, 2021, plaintiff requested entry of default against Donna Rogers and the Estate of Leon Rogers, and the clerk entered default on May 18, 2021. ECF Nos. 15, 16. A status conference was held on September 1, 2021, at which the court expressed concern that the complaint did not support the court's personal jurisdiction over defendants, creating a problem for potential entry of default judgment. ECF No. 20. Plaintiff represented that he could assert, in an amended complaint, additional facts to establish personal jurisdiction over the defendants. ECF No. 21 at 3.

On September 7, 2021, the undersigned memorialized the conversation regarding personal jurisdiction and ordered plaintiff to file an amended complaint and complete service within 90 days. ECF No. 21. Plaintiff filed the Amended Complaint on September 30, 2021 (ECF No. 22), adding defendant Project X IT Pty Ltd., and simultaneously filed a motion for an additional six months to complete service. ECF No. 23. The undersigned granted plaintiff an additional 180 days for service. ECF No. 24. Plaintiff did not timely file proof of service and the undersigned issued an order to show cause why the case should not be dismissed for failure to prosecute. ECF No. 25. Plaintiff moved for an additional extension of time (ECF No. 27), and the court granted plaintiff an additional 180 days. ECF No. 29. On May 9, 2022, plaintiff filed a certificate of service indicating that Donna Rogers had been served. ECF No. 31. On November 3, 2022, per plaintiff's request, the Clerk of Court entered default as to the Estate of Leon Rodgers and Donna Rodgers. ECF Nos. 34, 35.

On November 30, 2022, the court issued an order show cause why the case should not be dismissed for failure to prosecute. ECF No. 37. The order explained in detail the process for obtaining a default judgment and noted that a motion for default judgment would discharge the order to show cause. Id. On December 6, 2022, plaintiff moved for an additional six-month extension of time to complete service. ECF No. 38. Plaintiff also filed a motion for default judgment, which summarily requested that default judgment be entered, but provided no legal or factual argument. ECF No. 40. Plaintiff made a separate motion for a hearing, which also contained no argument. ECF No. 41.

////

On December 9, 2022 the undersigned issued findings and recommendations noting that the motion for default judgment did not provide the information necessary for the court to enter a default judgment in plaintiff's favor. ECF No. 42. Noting the long delays that have taken place in this action, the court offered plaintiff a final opportunity to file an amended motion for default judgment. Id. Plaintiff was cautioned that failure to file a renewed motion for default judgment by the set deadline, or the filing a motion that fails to adequately address the necessary information for a default judgment to issue, would result in a recommendation that the renewed application be denied and/or the action against defendants be dismissed for failure to prosecute and/or to comply with a court order. See Fed. R. Civ. P. 41(b); Link v. Wabash R.R. Co., 370 U.S. 626, 629-30 (1962). The findings and recommendations were adopted on February 13, 2023. ECF No. 48. On March 1, 2023, plaintiff filed a renewed motion for default judgment, which is now before the court. ECF No. 50.

## II.     Motion for Default Judgment

A.     Legal Standard

Pursuant to Federal Rule of Civil Procedure 55, default may be entered against a party against whom a judgment for affirmative relief is sought who fails to plead or otherwise defend against the action. See Fed. R. Civ. P. 55(a). However, "[a] defendant's default does not automatically entitle the plaintiff to a court-ordered judgment." PepsiCo, Inc. v. Cal. Sec. Cans, 238 F.Supp.2d 1172, 1174 (C.D. Cal. 2002) (citing Draper v. Coombs, 792 F.2d 915, 924-25 (9th Cir. 1986)); see Fed. R. Civ. P. 55(b) (governing the entry of default judgments). Instead, the decision to grant or deny an application for default judgment lies within the district court's sound discretion. Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980). In making this determination, the court may consider the following factors:

> the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986).  Default judgments are ordinarily disfavored.  Id. at 1472.

Generally, once default is entered, well-pleaded factual allegations in the operative complaint are taken as true, except for those allegations relating to damages.  TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987) (per curiam) (citing Geddes v. United Fin. Group, 559 F.2d 557, 560 (9th Cir. 1977) (per curiam)); see also Fair Housing of Marin v. Combs, 285 F.3d 899, 906 (9th Cir. 2002).  Although well-pleaded allegations in the complaint are admitted by a defendant's failure to respond, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default."  Cripps v. Life Ins. Co. of N. Am., 980 F.2d 1261, 1267 (9th Cir. 1992) (citing Danning v. Lavine, 572 F.2d 1386, 1388 (9th Cir. 1978)); accord DIRECTV, Inc. v. Huynh, 503 F.3d 847, 854 (9th Cir. 2007) ("[A] defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law") (citation and quotation marks omitted); Abney v. Alameida, 334 F.Supp.2d 1221, 1235 (S.D. Cal. 2004) ("[A] default judgment may not be entered on a legally insufficient claim.").  A party's default conclusively establishes that party's liability, although it does not establish the amount of damages.  Geddes, 559 F.2d at 560; cf. Adriana Int'l Corp. v. Thoeren, 913 F.2d 1406, 1414 (9th Cir. 1990) (stating in the context of a default entered pursuant to Federal Rule of Civil Procedure 37 that the default conclusively established the liability of the defaulting party).

B.      The Eitel Factors

1.      Factor One: Possibility of Prejudice to Plaintiff

The first Eitel factor considers whether the plaintiff would suffer prejudice if default judgment is not entered, and such potential prejudice to the plaintiff weighs in favor of granting a default judgment.  See PepsiCo, Inc., 238 F.Supp.2d at 1177.  Here, plaintiff would suffer prejudice if the court did not enter a default judgment because it would be without recourse for recovery.  Accordingly, the first Eitel factor favors the entry of default judgment.

2.      Factors Two and Three: Merits of Claims and Sufficiency of Complaint

The merits of plaintiff's substantive claims and the sufficiency of the complaint are considered here together because of the relatedness of the two inquiries.  The court must consider

whether the allegations in the complaint are sufficient to state a claim that supports the relief sought. See Danning, 572 F.2d at 1388; PepsiCo, Inc., 238 F.Supp.2d at 1175.

Plaintiff, a citizen of California, brings in his operative First Amended Complaint (ECF No. 22) a single cause of action for breach of contract under Australian contract law against Australian defendants. ECF No. 22 at 4. The first question the court must address is whether the breach of contract claim is properly analyzed under Australian law or whether it should be analyzed under California law. Federal courts sitting in a diversity action apply the choice-of-law rules of the forum state. Coneff v. AT&T Corp., 673 F.3d 1155, 1161 (9th Cir. 2012). For a breach of contract claim, Cal. Civ. Code § 1646 provides that "[a] contract is to be interpreted according to the law and usage of the place where it is to be performed; or, if it does not indicate a place of performance, according to the law and usage of the place where it is made." The place where a contract is to be performed may also be ascertained from the nature of the contract and the surrounding circumstances. Frontier Oil Corp. v. RLI Ins. Co., 153 Cal. App. 4th 1436, 1449-50 (2007). Here, plaintiff alleges that all work under the alleged contract was "performed from the United States in California over the internet from my home." ECF No. 22 at 3. Thus, California was the place of performance and California contract law applies.

Next, the court must determine whether plaintiff's FAC states a claim under California law. To plead a breach of contract claim, a plaintiff must allege (1) a contract existed, (2) plaintiff performed or is excused for nonperformance, (3) defendant breached, and (4) plaintiff was damaged. Walsh v. W. Valley Mission Cmty. Coll. Dist., 66 Cal. App. 4th 1532, 1545, 78 Cal.Rptr.2d 725 (1998). In his motion, plaintiff's entire argument as to the merits of his substantive claim is that "All evidence has been presented if you would simply 'sift' or attempt to 'read' it. As its also a requirement for the court to have jurisdiction over the matter is the complaint has been read in its entirety." ECF No. 50 at 4. As to the sufficiency of the complaint, plaintiff's entire argument is "More than enough evidence including the draft contract and emails going on for two years validate my claims." Id.

Having read the operative FAC in full, including all of the attached emails, the court finds that plaintiff has not demonstrated a likelihood of success on the merits. The complaint uses the

word "contract" and describes Australian contract law, but it does not contain the necessary allegations regarding the elements of contract formation. Under California law, the essential elements for a contract are: (1) "[p]arties capable of contracting;" (2) "[t]heir consent;" (3) "[a] lawful object;" and (4) "[s]ufficient cause or consideration." U.S. ex rel. Oliver v. Parsons Co., 195 F.3d 457, 462 (9th Cir. 1999) (quoting Cal. Civ. Code § 1550). "Contract formation requires mutual consent, which cannot exist unless the parties 'agree upon the same thing in the same sense.'" Bustamante v. Intuit, Inc., 141 Cal.App.4th 199, 208 (2006) (quoting Cal. Civ. Code, §§ 1580, 1550, 1565). Mutual assent is typically demonstrated by an offer and acceptance communicated to the offeror. Donovan v. RRL Corp., 26 Cal.4th 261, 270-71 (2001). "The existence of mutual consent is determined by objective rather than subjective criteria, the test being what the outward manifestations of consent would lead a reasonable person to believe. Accordingly, the primary focus in determining the existence of mutual consent is upon the acts of the parties involved." Meyer v. Benko, 55 Cal.App.3d 937, 942-43 (1976).

Here, the FAC does not contains facts demonstrating the existence of a properly formed contract. The court cannot tell from the FAC and its attachments what the parties actually agreed to—if they agreed to anything. Notably, there is no written contract attached anywhere to the FAC. ECF No. 55. Nor does plaintiff allege any specific, finalized oral contract. Id. Instead, plaintiff alleges that "offer, acceptance, and consideration was made through the entire series of events," and while he alleges that an offer was formalized through email, the attached emails do not clearly describe any contract formation. ECF No. 22 at 6-46. Plaintiff's theory appears to be that he agreed to do some internet-based work for defendants in exchange for a 25% ownership interest in defendants' Australian company, but the attached documents (and plaintiff's allegations themselves) do not support the conclusion that a contract was ever formed. See ECF No. 22 at 6. Plaintiff alleges that on October 14, 2018, Leon Rogers sent over a shareholder's agreement that had restrictions that plaintiff did not agree to, and "Leon Rogers was supposed to have that removed," but "Leon Rogers did not complete this step." Id. Plaintiff asserts this "doesn't change the fact that we had a contractual agreement." To the contrary, these allegations indicate that an agreement was never finalized. There was no "mutual assent" because the parties

6

never "agree[d] upon the same thing in the same sense.'" Bustamante, 141 Cal.App.4th at 208. Thus, the merits of plaintiff's claim and the sufficiency of the complaint disfavor entry of default judgment.

### 3. Factor Four: The Sum of Money at Stake in the Action

Under the fourth Eitel factor, the court considers the amount of money at stake in relation to the seriousness of defendant's conduct. Plaintiff seeks 25% of all profits from defendants' business beginning August 2018. ECF No. 22 at 5. It is not clear from the FAC that plaintiff has performed any continuing work for defendants or that plaintiff's past work would entitle plaintiff to an ongoing 25% of defendants' business. Thus, the seriousness of defendants' conduct does not clearly warrant the requested sum of money. This factor weighs neutrally.

### 4. Factor Five: Possibility of Dispute Concerning Material Facts

As discussed above, plaintiff has not provided the court with well-pleaded allegations supporting his claim. While the court may assume the truth of well-pleaded facts in the complaint (except as to damages) following the clerk's entry of default, the facts pled in the operative complaint do not state a claim. The nature of the allegations indicate that a dispute of material facts would be likely, and this factor disfavors default judgment.

### 5. Factor Six: Whether Default Was Due to Excusable Neglect

Upon review of the record before the court, it is unclear whether default was the result of excusable neglect. See PepsiCo, Inc., 238 F.Supp.2d at 1177. Plaintiff served the defendant with the summons and complaint, however there is no indication that plaintiff notified defendants of the motion for default judgment. ECF No. 50. Accordingly, this Eitel factor weighs neutrally.

### 6. Factor Seven: Policy Favoring Decisions on the Merits

"Cases should be decided upon their merits whenever reasonably possible." Eitel, 782 F.2d at 1472. However, district courts have concluded with regularity that this policy, standing alone, is not dispositive, especially where a defendant fails to appear or defend itself in an action. PepsiCo, Inc., 238 F.Supp.2d at 1177; see also Craigslist, Inc. v. Naturemarket, Inc., 694 F.Supp.2d 1039, 1061 (N.D. Cal. Mar. 5, 2010). Here, because other factors favor denial of default judgment, this factor also favors denial of default judgment or weighs neutrally.

7

7. <u>Conclusion: Default Judgment is Not Appropriate</u>

Upon consideration of all the <u>Eitel</u> factors, the court concludes that plaintiff is not entitled to the entry of default judgment against defendants. Even taking all of plaintiff's allegations as true, there is no breach of contract claim because there is no indication that a contract was ever formed. In fact, as discussed above, plaintiff's own allegations indicate there was *not* a properly formed contract. Plaintiff is not entitled to default judgment where he does not state any viable claim for relief.

**III.    Dismissal for Failure to Prosecute and Failure to State a Claim**

"The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." <u>Link v. Wabash R.R. Co.</u>, 370 U.S. 626, 630-31 (1962). Such dismissal is not limited to circumstances indicating a plaintiff's abandonment of his case. In <u>Link</u>, the Supreme Court found no abuse of discretion where a district judge dismissed a lawsuit on failure to prosecute grounds after plaintiff's counsel missed a final pretrial conference without good cause. In that case plaintiff had advanced his cause to the trial stage, but the proceedings had been unduly protracted for several years. Here too, protracted proceedings have negatively impacted the orderly and expeditious disposition of the case. Because defendants have never appeared and plaintiff cannot obtain default judgment, the case cannot move forward. In other words, the case cannot be prosecuted to final disposition. It should accordingly be dismissed in its entirety for failure to prosecute. <u>See</u> Fed. R. Civ. P. 41(b); <u>Link</u>, 370 U.S. at 629-30.

District courts also have the authority to dismiss a case sua sponte for failure to state a claim. <u>See</u> <u>Reed v. Lieurance</u>, 863 F.3d 1196, 1207-08 (9th Cir. 2017) (affirming district court's sua sponte dismissal of claim under Rule 12(b)(6), Fed. R. Civ. P.). Although the court has an obligation to liberally construe the pleadings of pro se litigants, <u>Bretz v. Kelman</u>, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc), such construction may not supply essential elements of a claim that are not plead, <u>Pena v. Gardner</u>, 976 F.2d 469, 471 (9th Cir. 1992). Furthermore, "[t]he court is not required to accept legal conclusions cast in the form of factual allegations if those

8

conclusions cannot reasonably be drawn from the facts alleged." Clegg v. Cult Awareness Network, 18 F.3d 752, 754-55 (9th Cir. 1994). Neither need the court accept unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

As explained above, the allegations of and attachments to the complaint fail to establish the existence of a contract. Plaintiff's conclusory allegation that a contract existed is insufficient to state a claim for relief. See Clegg, 18 F.3d at 754-55. The court cannot conclude from the facts presented in the First Amendment Complaint and its attachments that a contract existed, see Western Mining, 643 F.2d at 624, which is fatal to the claim. Plaintiff has already amended his complaint, and the allegations on which he relies for the existence of a contract—the exchanges between himself and Leon Rodgers regarding a shareholder agreement that was never finalized, ECF No. 22 at 6—defeat a contract-based claim. Further amendment would therefore be futile, and failure to state a claim provides another basis for dismissal. To the extent plaintiff is entitled to advance notice that dismissal for failure to state claim is under consideration, see Wong v. Bell, 642 F.2d 359, 362 (9th Cir. 1981), this recommendation satisfies the notice requirement and the objections period provided below permits the opportunity to submit written opposition.

### IV. Conclusion

For the reasons set forth above IT IS HEREBY RECOMMENDED as follows:

1. That plaintiff's second motion for default judgment (ECF No. 50) be DENIED; and
2. That this case be dismissed in its entirety for failure to prosecute and/or failure to state a claim on which relief can be granted.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one (21) days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Local Rule 304(d). Plaintiff is advised that failure to file

////

objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 5, 2023

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE